UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKO DESIGN GROUP, LLC, a
Michigan Limited Liability Corporation,   Case No.:

    Plaintiff,   State Court Case:  24-10766-CK
17th Circuit Court (Kent)

v.

GRAND RAPIDS COMMUNITY
COLLEGE, an MCL 289.103 Corporate
Body,

    Defendant.
_____/

Craig R. Noland (P30717)
McGRAW MORRIS P.C.
Attorneys for Defendant
44 Cesar E. Chavez Avenue, NW, Suite 200
Grand Rapids, MI  49503
(616) 288-3700/Fax (248) 502-5001
cnoland@mcgrawmorris.com

## NOTICE OF REMOVAL
## COMPLAINT

# EXHIBIT 2

STATE OF MICHIGAN

IN THE KENY COUNTY / 17th JUDICIAL CIRCUIT COURT

SKO DESIGN GROUP, LLC
a Michigan Limited Liability Corporation

Case Number 24-10766-CK
The Honorable

v.

GRAND RAPIDS COMMUNITY COLLEGE
an MCL 389.103 Corporate Body

---

**FREDERICK F BUTTERS, PLLC**
Frederick F. Butters (P45426)
Attorney for Plaintiff
26677 West 12 Mile Road
Southfield, Michigan 48034
(248) 357-0831
(248) 514-4694
fred@butters-law.com

---

**COMPLAINT**

---

There is no other pending or resolved civil action arising out of the same transaction
or occurrence as alleged in the complaint

## Jurisdiction and Venue

1. Plaintiff SKO Design Group, LLC (hereinafter "SKO") is a limited liability company formulated and existing under the auspices of the laws of the State of Michigan.

2. At all times relevant hereto SKO maintained a principal office and place of business in the City of Grand Rapids, Kent County, Michigan

3. At all times relevant hereto SKO conducted continuous and systematic business in Kent County, Michigan

4. Defendant Grand Rapids Community College (hereinafter "GRCC") is a corporate entity formulated and existing under the auspices of MCL 389.103.

5. On information and belief, the GRCC has exercised the franchises and privileges of a community college district for at least 2 years and as such is therefore subject to the duties and liabilities conferred upon community college districts by law, including the right to sue and be sued.

6. At all times relevant hereto the GRCC maintained its principal office and place of business in the City of Grand Rapids, Kent County, Michigan.

7. At all times relevant hereto the GRCC conducted continuous and systematic business in Kent County, Michigan

8. The amount in controversy exceeds $25,000.00 exclusive of costs, interest and attorneys' fees

9. Jurisdiction and venue are therefore proper in this court

10. This complaint is supported by the attestation of Samuel Ojo, attached as Exhibit "A" hereto

## General Allegations Common to all Counts

11. SKO is in the business of providing architectural and related design services to the public in exchange for financial remuneration

12. The GRCC owns and operates a facility located on the portion of its property known as "the DeVos Campus" commonly known as "Snedden Hall".

13. The GRCC had acquired Snedden Hall from another university and as such it had little information on the original construction and the current condition of the building

14. The restrooms at Snedden Hall had not been updated in decades, were not code or ADA compliant, and were in dire need of remodeling

15. To complete the restroom remodeling at Snedden Hall (hereinafter "the project") the GRCC sought proposals from architectural design firms for the required architectural design and related services

16. On or about November 2, 2022, SKO furnished the GRCC with a proposal to perform the architectural design and related services for the project (refer to Exhibit "B").

17. The SKO November 2, 2022, proposal included a fee of $19,909.00 for pre-design and schematic design services only. The proposal also included a term that provided that a mutually acceptable fee for the balance of the work would be negotiated once the full extent and project scope was established.

18. On November 2, 2022, a fixed fee was impossible to calculate because the GRCC had no information regarding construction and condition of Snedden Hall, and that such information must be discerned before the design work could be completed.

19. The GRCC had set the completion date for the renovation work as the start of the fall semester in 2023, which was an extremely aggressive completion schedule.

20. The GRCC thereafter urged and pressured SKO to complete the design work for the project such that the schedule could be met.

21. The GRCC contracted with Pioneer Construction to serve as the construction manager for the project

22. Although Pioneer Construction originally set a spring 2023 expectation for the completion of the design work, it soon suggested the date be moved back into February to allow it additional time to secure the necessary bids and quotes for the construction work.

23. Despite the substantial acceleration of the design work moving the anticipated completion date back entailed, the GRCC adopted the Pioneer Construction proposed schedule change and thereafter urged and pressured SKO to complete the work on the accelerated schedule.

24. Although the acceleration required significant additional effort, SKO nevertheless completed the design work as the GRCC demanded.

25. As the construction work began, SKO satisfactorily performed all the necessary construction administration work over the spring and summer of 2023.

26. The construction work was finished, and the project was completed on the GRCC schedule in time to allow use of the finished facility in time for the fall semester of 2023.

27. The completed project has been well received and there are no issues or complaints with any of the services SKO provided and performed.

4

28. When SKO began invoicing for its work, even though the SKO proposal provided a fee would be negotiated once the scope of the project was known, the GRCC took the position that the fee would be a small fraction of what the work had actually cost.

29. At all times relevant hereto, Mr. James VanDokkumburg (hereinafter "VanDokkumburg") held the position as executive director of facilities with the GRCC. As its executive director of facilities, VanDokkumburg is a senior level decision maker with the GRCC and the GRCC is bound by and responsible for all decisions, acts and comments VanDokkumburg makes and/or undertakes within the scope of his employment.

30. When SKO objected to the proposed GRCC fee as was then reflected in a project financing spreadsheet, VanDokkumburg advised that he would unilaterally decide what the SKO fee would be.

31. SKO objected to VanDokkumburg's statement, and he then represented that the fee was entered "just to populate" the spreadsheet and that an agreement would still be made.

32. Although the discussions proceeded for a time thereafter, they ended when VanDokkumburg employed a racial slur to describe Samuel Ojo, SKO's president and chief project officer when he refused to accept the GRCC position.

33. The only possible explanation for the use of racial slurs is that the practice reflects racial bias and animosity.

34. SKO has refused to accept a small payment and as such, despite enjoying and using the completed project made possible by the SKO work, the GRCC has paid SKO nothing.

5

35. As SKO must of course cover its overhead for its operations, the GRCC refusal to make no negotiate payment as agreed has caused SKO severe financial distress.

36. The GRCC evaluates architectural design firms and prequalifies them for future work.

37. As the GRCC requires architectural design services for new work it invites all prequalified architectural design firms to submit competitive proposals for that work.

38. At all times relevant hereto SKO is a prequalified architectural firm authorized to perform any and all architectural design work for the GRCC

39. Of all architectural firms the GRCC prequalified to perform architectural design services, SKO is the only minority owned and operated firm.

40. Despite its policy, custom and practice of inviting all prequalified architectural design firms to submit competitive proposals for new work, the GRCC has declined to extend SKO an invitation to submit a competitive proposal for substantial new work.

41. On information and belief, SKO is the only prequalified architectural design firm not invited to submit a competitive proposal for new work.

42. Exclusion of the minority owned and operated prequalified architectural design firm SKO is a consequence and a product of racial animosity and bias as harbored by the GRCC executive director of facilities VanDokkumburg and therefore by the GRCC.

43. At all times relevant hereto, Ms. Lisa Freiburger (hereinafter "Freiburger") held the position as Vice President for Finance and Administration with the GRCC. As its

6

Vice President for Finance and Administration, Freiburger is a senior level decision maker with the GRCC and the GRCC is bound by and responsible for all decisions, acts and comments Freiburger makes and/or undertakes within the scope of her employment.

44. As a prequalified architectural firm SKO submitted a proposal for the architectural design services necessary to complete the contemplated GRCC Lakeshore project in Holland, Michigan.

45. On information and belief SKO's proposal and interview for the GRCC Lakeshore project were competitive and reflected the fees approximately $40,000.00 lower than the next submission.

46. Nevertheless the GRCC did not award SKO the GRCC Lakeshore project.

47. When SKO inquired as to why it was not awarded the project, Freiburger advised SKO that "Holland doesn't like to deal with outsiders like you."

48. The term "outsiders like you" is a euphemism for race.

49. Exclusion of a minority owned and operated prequalified architectural design firm SKO is a consequence and a product of racial animosity and bias as harbored by the GRCC Vice President for Finance and Administration Freiburger and therefore by the GRCC.

### Count I
### Breach of Contract

50. SKO incorporates the substance of paragraph(s) 1 through 49 above by reference, as if such were set out and repled verbatim herein

51. SKO and the GRCC contracted for the architectural design and related services necessary to complete the Snedden Hall project in exchange for a mutually acceptable fee.

7

52. SKO in fact provided the architectural design and related services necessary to complete the project in a professional, timely and proper manner

53. Despite receiving, retaining and enjoying the benefits of the services and work SKO provided, the GRCC has consistently failed, neglected and refused to make payment

54. The GRCC has therefore breached the SKO / GRCC contract

55. Occasioned on the GRCC breach, SKO has unjustly suffered substantial economic damage and injury.

**WHEREFORE** Plaintiff **SKO DESIGN GROUP, LLC**, respectfully prays for judgment in its favor and against the GRCC in an amount borne by the evidence together with interest, and all costs and attorneys' fees wrongfully incurred in the course of formulating and prosecuting this cause

## Count II
## Quantum Meruit / Unjust Enrichment

56. SKO incorporates the substance of paragraph(s) 1 through 55 above by reference, as if such were set out and repled verbatim herein

57. At the request and urging, and under the supervision and direction of the GRCC, SKO provided the architectural design and related services necessary to complete the Snedden Hall project in a professional, timely and proper manner.

58. The architectural design and related services SKO provided are services which are typically and customarily exchanged in the market for substantial financial remuneration.

8

59. The GRCC has received, retaining and benefitted greatly from the architectural design and related services and work SKO provided and has accordingly been substantially enriched

60. The GRCC is therefore obligated to make payment to SKO in an amount consistent with the fair value of the architectural design and related services SKO provided under quantum meruit, unjust enrichment of other equitable theories

61. Despite repeated requests and demands, the GRCC has consistently failed, neglected and refused to make payment

62. Occasioned on the GRCC refusal to make payment, SKO has unjustly suffered substantial economic damage and injury.

**WHEREFORE** Plaintiff **SKO DESIGN GROUP, LLC**, respectfully prays for judgment in its favor and against the GRCC in an amount borne by the evidence together with interest, and all costs and attorneys' fees wrongfully incurred in the course of formulating and prosecuting this cause

### Count III
### Fraud – Snedden Hall Project

63. SKO incorporates the substance of paragraph(s) 1 through 62 above by reference, as if such were set out and repled verbatim herein

64. In order to induce SKO to provide the architectural design and related services required to complete the Snedden Hall project, GRCC represented that if SKO would in fact provide the architectural design and related services required to complete the project the GRCC would pay an agreeable fee.

65. The GRCC fully intended that SKO rely on the representations and actually provide the architectural design and related services required to complete the project

9

66. After making that representation, the GRCC requested, urged and pressured SKO to provide the architectural design and related services required to complete the project.

67. In reliance on the GRCC representations SKO in fact provided the architectural design and related services necessary to complete the project in a professional, timely and proper manner.

68. Despite the fact that the GRCC substantially reduced the time for completing the work, SKO nevertheless accelerated its efforts and complied with the GRCC demands and completed the architectural design and related services in accordance with the shortened timeframe.

69. The GRCC representations regarding the SKO fee were material in the context of the transaction

70. Despite the contrary representations, the GRCC had no intent to pay an agreeable fee such that the representations were false at the time they were made.

71. Despite receiving, retaining and enjoying the benefit of the value the SKO architectural design and related services conferred upon it, the GRCC has failed, neglected and refused to make payment.

72. The GRCC representations therefore constitute fraud as that term is defined by applicable law.

73. Occasioned on the GRCC fraud, SKO has unjustly suffered substantial economic damage and injury.

**WHEREFORE** Plaintiff **SKO DESIGN GROUP, LLC**, respectfully prays for judgment in its favor and against the GRCC in an amount borne by the evidence together

with interest, and all costs and attorneys' fees wrongfully incurred in the course of formulating and prosecuting this cause

## Count IV
## Innocent Misrepresentation

74. SKO incorporates the substance of paragraph(s) 1 through 73 above by reference, as if such were set out and repled verbatim herein

75. In order to induce SKO to provide the architectural design and related services required to complete the Snedden Hall project, GRCC represented that if SKO would in fact provide the architectural design and related services required to complete the project the GRCC would pay an agreeable fee.

76. The GRCC fully intended that SKO rely on the representations and actually provide the architectural design and related services required to complete the project

77. After making that representation, the GRCC requested, urged and pressured SKO to provide the architectural design and related services required to complete the project.

78. In reliance on the GRCC representations SKO in fact provided the architectural design and related services necessary to complete the project in a professional, timely and proper manner.

79. Despite the fact that the GRCC substantially reduced the time for completing the work, SKO nevertheless accelerated its efforts and complied with the GRCC demands and completed the architectural design and related services in accordance with the shortened timeframe.

80. The GRCC representations regarding the SKO fee were material in the context of the transaction

11

81. Although the GRCC representations were innocently made, the GRCC had no actual intent to pay an agreeable fee such that the representations were false at the time they were made.

82. Despite receiving, retaining and enjoying the benefit of the value the SKO architectural design and related services conferred upon it, the GRCC has failed, neglected and refused to make payment.

83. The GRCC representations therefore constitute innocent misrepresentation as that term is defined by applicable law.

84. Occasioned on the GRCC innocent misrepresentation, SKO has unjustly suffered substantial economic damage and injury.

**WHEREFORE** Plaintiff **SKO DESIGN GROUP, LLC**, respectfully prays for judgment in its favor and against the GRCC in an amount borne by the evidence together with interest, and all costs and attorneys' fees wrongfully incurred in the course of formulating and prosecuting this cause

### Count V
### Fraud – Lakeshore Project

85. SKO incorporates the substance of paragraph(s) 1 through 84 above by reference, as if such were set out and repled verbatim herein

86. In order to induce SKO to invest the time and expense necessary to develop and provide a proposal for the architectural design and related services required to complete the Lakeshore project, GRCC represented that SKO's submission would be given fair, reasonable and equal consideration.

87. The GRCC fully intended that SKO rely on the representations and actually provide a proposal for the architectural design and related services required to complete the project

88. In reliance on the GRCC representations SKO in fact invested substantial time and expense in the course of evaluating the project and formulated and provided a professional, thorough, competent and competitive proposal for the architectural design and related services necessary to complete the project.

89. Despite the representations, the GRCC had no intent to afford SKO's proposal fair, reasonable and equal consideration. To the contrary, the GRCC had previously decided to reject any SKO proposal because of its position, as Freiburger put it, that "Holland doesn't like to deal with outsiders like you."

90. The GRCC representations therefore constitute fraud as that term is defined by applicable law.

91. Occasioned on the GRCC fraud, SKO has unjustly suffered substantial economic damage and injury.

**WHEREFORE** Plaintiff **SKO DESIGN GROUP, LLC**, respectfully prays for judgment in its favor and against the GRCC in an amount borne by the evidence together with interest, and all costs and attorneys' fees wrongfully incurred in the course of formulating and prosecuting this cause.

## Count VI
## Violations of 42 U.S.C. § 1983 – Sneddin Hall Project

92. SKO incorporates the substance of paragraph(s) 1 through 91 above by reference, as if such were set out and repled verbatim herein

93. 42 U.S.C. § 1983, also known as the Civil Rights Act of 1871, allows suit against a government body for civil rights violations.

94. 42 U.S.C. § 1983 was enacted to enforce the provisions of the Fourteenth Amendment to the Constitution and prevent racial discrimination

95. Congress intended municipalities and other local governing bodies such as the GRCC to be included among those persons to whom 42 USC § 1983 applies.

96. Local governing bodies such as the GRCC therefore, can be sued directly under 42 USC § 1983 for monetary, declaratory, or injunctive relief where action is undertaken that is alleged to be unconstitutional which implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.

97. In addition, local governing bodies such as the GRCC can be sued for constitutional deprivations visited pursuant to "custom" even though such a custom has not received formal approval through the body's official decision-making channels.

98. Pursuant to 42 U.S.C. § 1983, any person or government body who, acting under color of state law, deprives a citizen of their constitutional rights can be held liable in an action at law or suit in equity.

99. The term "acting under color of state law" includes acts done by federal, state, or local officials within their lawful authority, together with acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties.

100. SKO is a citizen of the State of Michigan and therefore enjoys constitutional rights.

14

101. On information and belief executive director of facilities VanDokkumburg directed, organized and participated in the decision to alter longstanding GRCC policy and exclude SKO submitting a competitive proposal for substantial new work funded in significant part by the State of Michigan.

102. Given VanDokkumburg's overt, obvious and apparent racial bias and animus, and given that SKO as the only firm excluded is owned and operated by recognized minorities, the GRCC decision to exclude SKO from submitting a competitive proposal for substantial new work was made based on race.

103. As VanDokkumburg's position as executive director of facilities with the GRCC requires him to organize and direct the competitive proposal process for new architectural design and related work on the GRCC campus. In the course of directing, organizing and participating in a decision to alter long standing GRCC policy and exclude SKO as a pre-qualified architectural design firm from submitting a proposal for substantial new work on the GRCC campus he was therefore acting, purporting or pretending to act within the scope of his official duties on behalf of the GRCC

104. In the alternative, even presuming the decision to exclude SKO from submitting a competitive proposal for substantial new work was not based on racial animus, it has nevertheless had the effect of exclusion based on race.

105. VanDokkumburg was therefore acting under color of state law, and as the GRCC placed him in a significant decision-making position it is responsible for his conduct.

15

106. The GRCC has therefore in turn engaged in discriminatory practices or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

107. The GRCC has violated SKO's constitutional rights and specifically deprived it of its right to be free from racial discrimination

108. The GRCC has therefore violated 42 U.S.C. § 1983

109. Occasioned on the GRCC violation of 42 U.S.C. § 1983, SKO has been injured and is entitled to damages as provided for under the 42 U.S.C. § 1983 statute

**WHEREFORE** Plaintiff **SKO DESIGN GROUP, LLC**, respectfully prays for judgment in its favor and against the GRCC in an amount borne by the evidence together with interest, and all costs and attorneys' fees wrongfully incurred in the course of formulating and prosecuting this cause

## Count VI
### Violations of 42 U.S.C. § 1983 – Lakeshore Project

110. SKO incorporates the substance of paragraph(s) 1 through 109 above by reference, as if such were set out and repled verbatim herein

111. On information and belief Vice President for Finance and Administration Freiburger directed, organized and participated in the decision to alter longstanding GRCC policy and reject the SKO proposal for the Lakeshore project architectural design work despite the fact that SKO submitted a competitive, professional proposal which was approximately $40,000.00 lower than the next lowest proposal.

112. While Frieburger's decision was ostensibly motivated by the fact that they don't like "outsiders like you" in Holland, the motivation was in fact obvious and apparent racial bias and animus. Given that was the only firm that submitted a proposal for the

16

Lakeshore Project that was owned and operated by recognized minorities the GRCC decision to refuse to award SKO the Lakeshore Project was made based on race.

113. As Frieburger's position as Vice President for Finance and Administration with the GRCC requires her to organize and direct the competitive proposal process for new work architectural design and related work on the GRCC campus, and also requires her to make final selection decisions, she was acting within the scope of her official duties on behalf of the GRCC.

114. In the alternative, even presuming the decision to exclude SKO's proposal was not based on racial animus, it has nevertheless had the effect of exclusion based on race.

115. Freiburger was therefore acting under color of state law, and as the GRCC placed her in a decision-making position it is responsible for her conduct.

116. The GRCC has therefore in turn engaged in discriminatory practices or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

118. The GRCC has violated SKO's constitutional rights and specifically deprived it of its right to be free from racial discrimination

119. The GRCC has therefore violated 42 U.S.C. § 1983.

120. Occasioned on the GRCC violation of 42 U.S.C. § 1983, SKO has been injured and is entitled to damages as provided for under the 42 U.S.C. § 1983 statute

**WHEREFORE** Plaintiff **SKO DESIGN GROUP, LLC**, respectfully prays for judgment in its favor and against the GRCC in an amount borne by the evidence together

17

with interest, and all costs and attorneys' fees wrongfully incurred in the course of formulating and prosecuting this cause.

10/21/2024
Date

Respectfully Submitted
**FREDERICK F BUTTERS, PLLC**

Frederick F. Butters (P45426)
Attorney for Plaintiff
26677 West 12 Mile Road
Southfield, Michigan 48034
(248) 357-0831
(248) 514-4694
fred@butters-law.com

18