UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKO DESIGN GROUP, LLC, a
Michigan Limited Liability Corporation,

       Plaintiff,

v.

GRAND RAPIDS COMMUNITY
COLLEGE, an MCL 289.103 Corporate
Body,

       Defendant.

_____/

Case No.:  1:24-cv-1339-PLM-PJG

Hon. Paul L. Maloney

| | |
|---|---|
| Frederick F. Butters (P45426)<br>FREDERICK F. BUTTERS, PLLC<br>Attorneys for Plaintiff<br>26677 West 12 Mile Road<br>Southfield, MI 48034<br>(248) 357-0831<br>fred@butters-law.com | Craig R. Noland (P30717)<br>Bogomir Rajsic, III (P79191)<br>Tracey R. DeVries (P84286)<br>McGRAW MORRIS P.C.<br>Attorneys for Defendant<br>44 Cesar E. Chavez Avenue, SW, Suite 200<br>Grand Rapids, MI  49503<br>(616) 288-3700/Fax (248) 502-4001<br>cnoland@mcgrawmorris.com<br>brajsic@mcgrawmorris.com<br>tdevries@mcgrawmorris.com |

## **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**

      NOW COMES DEFENDANT, Grand Rapids Community College, by and through its attorneys, McGraw Morris, PC, and for its Answer to Plaintiff's Complaint states:

### **Jurisdiction and Venue**

      1.    Plaintiff SKO Design Group, LLC (hereinafter "SKO") is a limited liability company formulated and existing under the auspices of the laws of the State of Michigan.

**ANSWER:**    **The allegation contained in paragraph 1 is neither admitted nor denied for the reason that Defendant is without sufficient information to form a belief as to the truth thereof and therefore leaves the Plaintiff to its strictest proofs.**

2.      At all times relevant hereto SKO maintained a principal office and place of business in the City of Grand Rapids, Kent County, Michigan.

**ANSWER:    The allegation contained in paragraph 2 is neither admitted nor denied for the reason that Defendant is without sufficient information to form a belief as to the truth thereof and therefore leaves the Plaintiff to its strictest proofs.**

3.      At all times relevant hereto SKO conducted continuous and systematic business in Kent County, Michigan.

**ANSWER:    The allegation contained in paragraph 3 is neither admitted nor denied for the reason that Defendant is without sufficient information to form a belief as to the truth thereof and therefore leaves the Plaintiff to its strictest proofs.**

4.      Defendant Grand Rapids Community College (hereinafter "GRCC") is a corporate entity formulated and existing under the auspices of MCL 389.103.

**ANSWER:    Defendant admits that it is a community college.**

5.      On information and belief, the GRCC has exercised the franchises and privileges of a community college district for at least 2 years and as such is therefore subject to the duties and liabilities conferred upon community college districts by law, including the right to sue and be sued.

**ANSWER:    The allegations concerning duties and liabilities constitute legal conclusions which require no answer.**

6.      At all times relevant hereto the GRCC maintained its principal office and place of business in the City of Grand Rapids, Kent County, Michigan.

**ANSWER:    The allegation is admitted.**

7.      At all times relevant hereto the GRCC conducted continuous and systematic business

in Kent County, Michigan.

**ANSWER:    The allegation is admitted.**

8.      The amount in controversy exceeds $25,000.00 exclusive of costs, interest and attorneys' fees.

**ANSWER:    The allegation constitutes a legal conclusion which requires no answer.**

9.      Jurisdiction and venue are therefore proper in this court.

**ANSWER:    Defendant does not contest jurisdiction or venue.**

10.      This complaint is supported by the attestation of Samuel Ojo, attached as Exhibit "A" hereto.

**ANSWER:    The allegation is denied as untrue.**

<u>**General Allegations Common to all Counts**</u>

11.      SKO is in the business of providing architectural and related design services to the public in exchange for financial remuneration.

**ANSWER:    The allegation is admitted.**

12.      The GRCC owns and operates a facility located on the portion of its property known as "the DeVos Campus" commonly known as "Snedden Hall".

**ANSWER:    The allegation is admitted except the proper spelling is "Sneden Hall".**

13.      The GRCC had acquired Snedden Hall from another university and as such it had little information on the original construction and the current condition of the building.

**ANSWER:    The allegation is denied as untrue.**

14.      The restrooms at Snedden Hall had not been updated in decades, were not code or ADA compliant, and were in dire need of remodeling.

**ANSWER:    The allegations are denied as phrased, except that Defendant admits that**

**Defendant desired to modernize the restrooms and create lactation stations within the building.**

15.     To complete the restroom remodeling at Snedden Hall (hereinafter "the project") the GRCC sought proposals from architectural design firms for the required architectural design and related services.

**ANSWER:   The allegation is admitted.**

16.     On or about November 2, 2022, SKO furnished the GRCC with a proposal to perform the architectural design and related services for the project (refer to Exhibit "B").

**ANSWER:   Defendant admits that a true copy of the initial fee proposal is attached to the Complaint as Exhibit B. The document speaks for itself and allegations to the contrary are denied as untrue. The document acknowledges that a mutually acceptable fee will be based on a certain percentage of the construction costs. On November 3, 2022, Mr. Samuel Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs. The acceptance formed a binding contract which is enforceable under Michigan law.  Allegations to the contrary are denied as untrue.**

17.     The SKO November 2, 2022, proposal included a fee of $19,909.00 for pre- design and schematic design services only.  The proposal also included a term that provided  that  a mutually acceptable fee for the balance of the work would be negotiated once the full extent and project scope was established.

**ANSWER:   The allegations are denied as phrased. In further response, the document speaks for itself, and allegations to the contrary are denied as untrue.**

18.     On November 2, 2022, a fixed fee was impossible to calculate because the GRCC had no information regarding construction and condition of Snedden Hall, and that such

information must be discerned before the design work could be completed.

**ANSWER:    The allegations are denied as phrased. In further response, as set forth in the response to paragraph 16 above, Mr. Ojo signed a written acceptance of a mutually acceptable fee of 4.5% of the construction costs. This acceptance formed a binding contract which is enforceable under Michigan law.  Allegations to the contrary are denied as untrue.**

19.    The GRCC had set the completion date for the renovation work as the start of the fall semester in 2023, which was an extremely aggressive completion schedule.

**ANSWER:    Defendant admits that it required completion before the start of the fall semester in 2023, but otherwise denies the allegations as untrue.**

20.    The GRCC thereafter urged and pressured SKO to complete the design work for the project such that the schedule could be met.

**ANSWER:    Defendant denies the allegations as phrased but admits that it was entitled timely completion of all phases of the work to be performed.**

21.    The GRCC contracted with Pioneer Construction to serve as the construction manager for the project.

**ANSWER:    The allegation is admitted.**

22.    Although Pioneer Construction originally set a spring 2023 expectation for the completion of the design work, it soon suggested the date be moved back into February to allow it additional time to secure the necessary bids and quotes for the construction work.

**ANSWER:    The allegations are denied as untrue.**

23.    Despite the substantial acceleration of the design work moving the anticipated completion date back entailed, the GRCC adopted the Pioneer Construction proposed schedule change and thereafter urged and pressured SKO to complete the work on the accelerated schedule.

**ANSWER:    The allegations are denied as untrue.**

24.    Although the acceleration required significant additional effort, SKO nevertheless completed the design work as the GRCC demanded.

**ANSWER:    The allegations are denied as untrue.**

25.    As the construction work began, SKO satisfactorily performed all the necessary construction administration work over the spring and summer of 2023.

**ANSWER:    The allegations are denied as untrue.**

26.    The construction work was finished, and the project was completed on the GRCC schedule in time to allow use of the finished facility in time for the fall semester of 2023.

**ANSWER:    Defendant admits that work on the facility was completed by the fall semester of 2023.**

27.    The completed project has been well received and there are no issues or complaints with any of the services SKO provided and performed.

**ANSWER:    The allegations are denied as untrue.**

28.    When SKO began invoicing for its work, even though the SKO proposal provided a fee would be negotiated once the scope of the project was known, the GRCC took the position that the fee would be a small fraction of what the work had actually cost.

**ANSWER:    The allegations are denied as untrue. In further response, on November 3, 2022, Mr. Samuel Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs. The acceptance formed a binding contract which is enforceable under Michigan law. Allegations to the contrary are denied as untrue.**

29.    At all times relevant hereto, Mr. James VanDokkumburg (hereinafter

"VanDokkumburg") held the position as executive director of facilities with the GRCC. As its executive director of facilities, VanDokkumburg is a senior level decision maker with the GRCC and the GRCC is bound by and responsible for all decisions, acts and comments VanDokkumburg makes and/or undertakes within the scope of his employment.

**ANSWER:   The allegations constitute legal conclusions which require no answer.**

30.     When SKO objected to the proposed GRCC fee as was then reflected in a project financing spreadsheet, VanDokkumburg advised that he would unilaterally decide what the SKO fee would be.

**ANSWER:   The allegations are denied as untrue.**

31.     SKO objected to VanDokkumburg's statement, and he then represented that the fee was entered "just to populate" the spreadsheet and that an agreement would still be made.

**ANSWER:   The allegations are denied as untrue.**

32.     Although the discussions proceeded for a time thereafter, they ended when VanDokkumburg employed a racial slur to describe Samuel Ojo, SKO's president and chief project officer when he refused to accept the GRCC position.

**ANSWER:   The allegations are denied as untrue.**

33.     The only possible explanation for the use of racial slurs is that the practice reflects racial bias and animosity.

**ANSWER:   The allegations are denied as untrue.**

34.     SKO has refused to accept a small payment and as such, despite enjoying and using the completed project made possible by the SKO work, the GRCC has paid SKO nothing.

**ANSWER:   The allegations are denied as untrue.**

35.     As SKO must of course cover its overhead for its operations, the GRCC refusal to

make no negotiate payment as agreed has caused SKO severe financial distress.

**ANSWER:   The allegations are denied as untrue.**

36.    The GRCC evaluates architectural design firms and prequalifies them for future work.

**ANSWER:   The allegation is admitted.**

37.    As the GRCC requires architectural design services for new work it invites all prequalified architectural design firms to submit competitive proposals for that work.

**ANSWER:   The allegation is admitted.**

38.    At all times relevant hereto SKO is a prequalified architectural firm authorized to perform any and all architectural design work for the GRCC.

**ANSWER:   The allegations are denied as phrased.**

39.    Of all architectural firms the GRCC prequalified to perform architectural design services, SKO is the only minority owned and operated firm.

**ANSWER:   The allegation contained in paragraph 39 is neither admitted nor denied for the reason that Defendant is without sufficient information to form a belief as to the truth thereof and therefore leaves the Plaintiff to its strictest proofs.**

40.    Despite its policy, custom and practice of inviting all prequalified architectural design firms to submit competitive proposals for new work, the GRCC has declined to extend SKO an invitation to submit a competitive proposal for substantial new work.

**ANSWER:   Defendant denies that SKO was  prequalified.**

41.    On information and belief, SKO is the only prequalified architectural design firm not invited to submit a competitive proposal for new work.

**ANSWER:   Defendant denies that SKO was prequalified.**

42.    Exclusion of the minority owned and operated prequalified architectural design firm SKO is a consequence and a product of racial animosity and bias as harbored by the GRCC executive director of facilities VanDokkumburg and therefore by the GRCC.

**ANSWER:   The allegations are denied as untrue.**

43.    At all times relevant hereto, Ms. Lisa Freiburger (hereinafter "Freiburger") held the position as Vice President for Finance and Administration with the GRCC.  As its Vice President for Finance and Administration, Freiburger is a senior level decision maker with the GRCC and the GRCC is  Bound by and responsible for all decisions, acts and comments Freiburger makes and/or undertakes within the scope of her employment.

**ANSWER:   The allegations constitute legal conclusions which require no answer.**

44.    As a  prequalified  architectural  firm  SKO  submitted  a  proposal  for  the architectural design services necessary to complete the contemplated GRCC Lakeshore project in Holland, Michigan.

**ANSWER:   Defendant denies that SKO was a prequalified architectural firm.**

45.    On information and belief SKO's proposal and interview for the GRCC Lakeshore project were competitive and reflected the fees approximately $40,000.00 lower than the next submission.

**ANSWER:   The allegations are denied as untrue.**

46.    Nevertheless the GRCC did not award SKO the GRCC Lakeshore project.

**ANSWER:   Defendant admits that SKO was not awarded the project.**

47.    When SKO inquired as to why it was not awarded the project, Freiburger advised SKO that "Holland doesn't like to deal with outsiders like you."

**ANSWER:   The allegation is denied as untrue.**

48.    The term "outsiders like you" is a euphemism for race.

**ANSWER:    The allegation is denied as untrue.**

49.    Exclusion of a minority owned and operated prequalified architectural design firm SKO is a consequence and a product of racial animosity and bias as harbored by the GRCC Vice President for Finance and Administration Freiburger and therefore by the GRCC.

**ANSWER:    The allegations of prequalification, racial animosity, and bias are denied as untrue.**

## Count I
## Breach of Contract

50.    SKO incorporates the substance of paragraph(s) 1 through 49 above by reference, as if such were set out and repled verbatim herein.

**ANSWER:    Defendant incorporates by reference its prior responses.**

51.    SKO and the GRCC contracted for the architectural design and related services necessary to complete the Snedden Hall project in exchange for a mutually acceptable fee.

**ANSWER:    The allegation is admitted.**

52.    SKO in fact provided the architectural design and related services necessary to complete the project in a professional, timely and proper manner.

**ANSWER:    The allegation is denied as untrue.**

53.    Despite receiving, retaining and enjoying the benefits of the services and work SKO provided, the GRCC has consistently failed, neglected and refused to make payment.

**ANSWER:    The allegation is denied as untrue.**

54.    The GRCC has therefore breached the SKO / GRCC contract.

**ANSWER:    The allegation is denied as untrue.**

55.    Occasioned on the GRCC breach, SKO has unjustly suffered substantial economic

damage and injury.

**ANSWER:   The allegation is denied as untrue.**

WHEREFORE, Defendant, Grand Rapids Community College, respectfully requests judgment in its favor, dismissing Plaintiff's Complaint with prejudice and taxing all costs and actual attorney fees against Plaintiff.

**Count II**
**Quantum Meruit / Unjust Enrichment**

56.     SKO incorporates the substance of paragraph(s) 1 through 55 above by reference, as if such were set out and repled verbatim herein.

**ANSWER:   Defendant incorporates by reference its prior responses.**

57.     At the request and urging, and under the supervision and direction of the GRCC, SKO provided the architectural design and related services necessary to complete the Snedden Hall project in a professional, timely and proper manner.

**ANSWER:   The allegation is denied as untrue.**

58.     The architectural design and related services SKO provided are services which are typically and, customarily exchanged in the market for substantial financial remuneration.

**ANSWER:   Defendant admits that on November 3, 2022, Mr. Samuel Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs. The acceptance formed a binding contract which is enforceable under Michigan Law. Allegations to the contrary are denied as untrue.**

59.     The GRCC has received, retaining and benefitted greatly from the architectural design and related services and work SKO provided and has accordingly been substantially enriched.

**ANSWER:   The allegation is denied as untrue. In further response, Defendant admits that**

on November 3, 2022, Mr. Samuel Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs. The acceptance formed a binding contract which is enforceable under Michigan Law. Allegations to the contrary are denied as untrue.

60.    The GRCC is therefore obligated to make payment to SKO in an amount consistent with the fair value of the architectural design and related services SKO provided under quantum meruit, unjust enrichment of other equitable theories.

**ANSWER:   The allegation is denied as untrue. In further response, Defendant admits that on November 3, 2022, Mr. Samuel Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs. The acceptance formed a binding contract which is enforceable under Michigan Law. Allegations to the contrary are denied as untrue.**

61.    Despite repeated requests and demands, the GRCC has consistently failed, neglected and refused to make payment.

**ANSWER:   The allegation is denied as untrue.**

62.    Occasioned on the GRCC refusal to make payment, SKO has unjustly suffered substantial economic damage and injury.

**ANSWER:   The allegation is denied as untrue.**

WHEREFORE, Defendant, Grand Rapids Community College, respectfully requests judgment in its favor, dismissing Plaintiff's Complaint with prejudice and taxing all costs and actual attorney fees against Plaintiff.

### Count III
### Fraud - Snedden Hall Project

63.    SKO incorporates the substance of paragraph(s) 1 through 62 above by reference,

as if such were set out and repled verbatim herein.

**ANSWER:    Defendant incorporates by reference its prior responses.**

64.    In order to induce SKO to provide the architectural design and related services required to complete the Snedden Hall project, GRCC represented that if SKO would in fact provide the architectural design and related services required to complete the project the GRCC would pay an agreeable fee.

**ANSWER:    The allegations are denied as phrased. In further response, on November 3, 2022, Mr. Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs.  The acceptance formed a binding contract which is enforceable under Michigan law, and allegations to the contrary are denied as untrue.**

65.    The GRCC fully intended that SKO rely on the representations and actually provide the architectural design and related services required to complete the project.

**ANSWER:    The allegation is denied as untrue.**

66.    After making that representation, the GRCC requested, urged and pressured SKO to provide the architectural design and related services required to complete the project.

**ANSWER:    The allegation is denied as untrue. In further response, on November 3, 2022, Mr. Samuel Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs. The acceptance formed a binding contract which is enforceable under Michigan Law. Allegations to the contrary are denied as untrue.**

67.    In reliance on the GRCC representations SKO in fact provided the architectural design and related services necessary to complete the project in a professional, timely and proper manner.

**ANSWER:   The allegation is denied as untrue.**

68.    Despite the fact that the GRCC substantially reduced the time for completing the work, SKO nevertheless accelerated its efforts and complied with the GRCC demands and completed the architectural design and related services in accordance with the shortened timeframe.

**ANSWER:   The allegation is denied as untrue.**

69.    The GRCC representations regarding the SKO fee were material in the context of the transaction.

**ANSWER:   The allegation is denied as untrue.**

70.    Despite the contrary representations, the GRCC had no intent to pay an agreeable fee such that the representations were false at the time they were made.

**ANSWER:   The allegation is denied as untrue. In further response, on November 3, 2022, Mr. Samuel Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs. The acceptance formed a binding contract which is enforceable under Michigan Law. Allegations to the contrary are denied as untrue.**

71.    Despite receiving, retaining and enjoying the benefit of the value the SKO architectural design and related services conferred upon it, the GRCC has failed, neglected and refused to make payment.

**ANSWER:   The allegation is denied as untrue. In further response, on November 3, 2022, Mr. Samuel Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs. The acceptance formed a binding contract which is enforceable under Michigan Law. Allegations to the contrary are denied as untrue.**

72.    The GRCC representations therefore constitute fraud as that term is defined by

14

applicable law.

**ANSWER:   The allegation is denied as untrue.**

73.    Occasioned on the GRCC fraud, SKO has unjustly suffered substantial economic damage and injury.

**ANSWER:    The allegation is denied as untrue.**

WHEREFORE, Defendant, Grand Rapids Community College, respectfully requests judgment in its favor, dismissing Plaintiff's Complaint with prejudice and taxing all costs and actual attorney fees against Plaintiff.

<u>**Count IV**</u>
<u>**Innocent Misrepresentation**</u>

74.    SKO incorporates the substance of paragraph(s) 1 through 73 above by reference, as if such were set out and repled verbatim herein.

**ANSWER:   Defendant incorporates by reference its prior responses.**

75.    In order to induce SKO to provide the architectural design and related services required to complete the Snedden Hall project, GRCC represented that if SKO would in fact provide the architectural design and related services required to complete the project the GRCC would pay an agreeable fee.

**ANSWER:   The allegations are denied as phrased. In further response, on November 3, 2022, Mr. Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee, amounting to 4.5% of the construction costs. This acceptance formed a binding contact which is enforceable under Michigan law, and allegations to the contrary are denied as untrue.**

76.    The GRCC fully intended that SKO rely on the representations and actually provide the architectural design and related services required to complete the project.

**ANSWER:   The allegations are denied as untrue.**

77.    After making that representation, the GRCC requested, urged and pressured SKO to provide the architectural design and related services required to complete the project.

**ANSWER:    The allegations are denied as untrue.**

78.    In reliance on the GRCC representations SKO in fact provided the architectural design and related services necessary to complete the project in a professional, timely and proper manner.

**ANSWER:   The allegations are denied as untrue.**

79.    Despite the fact that the GRCC substantially reduced the time for completing the work, SKO nevertheless accelerated its efforts and complied with the GRCC demands and completed the architectural design and related services in accordance with the shortened timeframe.

**ANSWER:   The allegations are denied as untrue.**

80.    The GRCC representations regarding the SKO fee were material in the context of the transaction.

**ANSWER:   The allegations are denied as untrue.**

81.    Although the GRCC representations were innocently made, the GRCC had no actual intent to pay an agreeable fee such that the representations were false at the time they were made.

**ANSWER:   The allegations are denied as untrue. In further response, on November 3, 2022, Mr. Samuel Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs. The acceptance formed a binding contract which is enforceable under Michigan Law. Allegations to the contrary are**

**denied as untrue.**

82.    Despite receiving, retaining and enjoying the benefit of the value the SKO architectural design and related services conferred upon it, the GRCC has failed, neglected and refused to make payment.

**ANSWER:  The allegations are denied as untrue. In further response, on November 3, 2022, Mr. Samuel Ojo, on behalf of Plaintiff, signed a written acceptance of a mutually acceptable fee amounting to 4.5% of the construction costs. The acceptance formed a binding contract which is enforceable under Michigan Law. Allegations to the contrary are denied as untrue.**

83.    The GRCC representations therefore constitute innocent misrepresentation as that term is defined by applicable law.

**ANSWER:  The allegations are denied as untrue.**

84.    Occasioned on the GRCC innocent misrepresentation, SKO has unjustly suffered substantial economic damage and injury.

**ANSWER:  The allegations are denied as untrue.**

WHEREFORE, Defendant, Grand Rapids Community College, respectfully requests judgment in its favor, dismissing Plaintiff's Complaint with prejudice and taxing all costs and actual attorney fees against Plaintiff.

<u>**Count V**</u>
<u>**Fraud - Lakeshore Project**</u>

85.    SKO incorporates the substance of paragraph(s) 1 through 84 above by reference, as if such were set out and repled verbatim herein.

**ANSWER:  Defendant incorporates by reference its prior responses.**

86.    In order to induce SKO to invest the time and expense necessary to develop

and provide a proposal for the architectural design and related services required to complete the Lakeshore project, GRCC represented that SKO's submission would be given fair, reasonable and equal consideration.

**ANSWER:    The allegation is denied as untrue.**

87.    The GRCC fully intended that SKO rely on the representations and actually provide a proposal for the architectural design and related services required to complete the project.

**ANSWER:    The allegation is denied as untrue.**

88.    In reliance on the GRCC representations SKO in fact invested substantial time and expense in the course of evaluating the project and formulated and provided a professional, thorough, competent and competitive proposal for the architectural design and related services necessary to complete the project.

**ANSWER:    The allegation is denied as untrue.**

89.    Despite the representations, the GRCC had no intent to afford SKO's proposal fair, reasonable and equal consideration.  To the contrary, the GRCC had previously decided to reject any SKO proposal because of its position, as Freiburger put it, that "Holland doesn't like to deal with outsiders like you."

**ANSWER:    The allegation is denied as untrue.**

90.    The GRCC representations therefore constitute fraud as that term is defined by applicable law.

**ANSWER:    The allegation is denied as untrue.**

91.    Occasioned on the GRCC fraud, SKO has unjustly suffered substantial economic damage and injury.

**ANSWER:   The allegation is denied as untrue.**

WHEREFORE, Defendant, Grand Rapids Community College, respectfully requests judgment in its favor, dismissing Plaintiff's Complaint with prejudice and taxing all costs and actual attorney fees against Plaintiff.

### Count VI
### Violations of 42 U.S.C. § 1983 - Sneddin (sic) Hall Project

92.    SKO incorporates the substance of paragraph(s) 1 through 91 above by reference, as if such were set out and repled verbatim herein.

**ANSWER:   Defendant incorporates by reference its prior responses.**

93.    42 U.S.C. § 1983, also known as the Civil Rights Act of 1871, allows suit against a government body for civil rights violations.

**ANSWER:   The allegation constitutes a legal conclusion which requires no answer.**

94.    42 U.S.C. § 1983 was enacted to enforce the provisions of the Fourteenth Amendment to the Constitution and prevent racial discrimination.

**ANSWER:   The allegation constitutes a legal conclusion which requires no answer.**

95.    Congress intended municipalities and other local governing bodies such as the GRCC to be included among those persons to whom 42 USC § 1983 applies.

**ANSWER:   The allegation constitutes a legal conclusion which requires no answer.**

96.    Local governing bodies such as the GRCC therefore, can be sued directly under 42 USC § 1983 for monetary, declaratory, or injunctive relief where action is undertaken that is alleged to be unconstitutional which implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.

**ANSWER:   The allegation constitutes a legal conclusion which requires no answer.**

97.    In addition, local governing bodies such as the GRCC can be sued for

constitutional deprivations visited pursuant to "custom" even though such a custom has not received formal approval through the body's official decision-making channels.

**ANSWER:  The allegation constitutes a legal conclusion which requires no answer.**

98.   Pursuant to 42 U.S.C. § 1983, any person or government body who, acting under color of state law, deprives a citizen of their constitutional rights can be held liable in an action at law or suit in equity.

**ANSWER:  The allegation constitutes a legal conclusion which requires no answer.**

99.   The term "acting under color of state law" includes acts done by federal, state, or local officials within their lawful authority, together with acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties.

**ANSWER:  The allegation constitutes a legal conclusion which requires no answer.**

100.   SKO is a citizen of the State of Michigan and therefore enjoys constitutional rights.

**ANSWER:  The allegation constitutes a legal conclusion which requires no answer.**

101.   On information and belief executive director of facilities VanDokkumburg directed, organized and participated in the decision to alter longstanding GRCC policy and exclude SKO submitting a competitive proposal for substantial new work funded in significant part by the State of Michigan.

**ANSWER:  The allegation is denied as untrue.**

102.   Given VanDokkumburg's overt, obvious and apparent racial bias and animus, and given that SKO as the only firm excluded is owned and operated by recognized minorities, the GRCC decision to exclude SKO from submitting a competitive proposal for substantial new work

20

was made based on race.

    **ANSWER:   The allegation is denied as untrue.**

    103.    As VanDokkumburg's position as executive director of facilities with the GRCC requires him to organize and direct the competitive proposal process for new architectural design and related work on the GRCC campus.  In the course of directing, organizing and participating in a decision to alter long standing GRCC policy and exclude SKO as a pre-qualified architectural design firm from submitting a proposal for substantial new work on the GRCC campus he was therefore acting, purporting or pretending to act within the scope of his official duties on behalf of the GRCC.

**ANSWER:   The allegations concerning GRCC policies and the status of SKO are denied as untrue, and the balance of the allegations constitute legal conclusions which require no answer.**

    104.    In the alternative, even presuming the decision to exclude SKO from submitting a competitive proposal for substantial new work was not based on racial animus, it has nevertheless had the effect of exclusion based on race.

    **ANSWER:   The allegation is denied as untrue.**

    105.    VanDokkumburg was therefore acting under color of state law, and as the GRCC placed him in a significant decision-making position it is responsible for his conduct.

    **ANSWER:   The allegation constitutes a legal conclusion which requires no answer.**

    106.    The GRCC has therefore in turn engaged in discriminatory practices or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

    **ANSWER:   The allegation is denied as untrue.**

107.    The GRCC has violated SKO's constitutional rights and specifically deprived it of its right to be free from racial discrimination.

**ANSWER:   The allegation is denied as untrue.**

108.    The GRCC has therefore violated 42 U.S.C. § 1983.

**ANSWER:   The allegation is denied as untrue.**

109.    Occasioned on the GRCC violation of 42 U.S.C. § 1983, SKO has been injured and is entitled to damages as provided for under the 42 U.S.C. § 1983 statute.

**ANSWER:   The allegation is denied as untrue.**

WHEREFORE, Defendant, Grand Rapids Community College, respectfully requests judgment in its favor, dismissing Plaintiff's Complaint with prejudice and taxing all costs and actual attorney fees under 42 U.S.C. § 1988 against Plaintiff.

## Count VI (SIC)
### Violations of 42 U.S.C. § 1983- Lakeshore Project

110.    SKO incorporates the substance of paragraph(s) 1 through 109 above by reference, as if such were set out and repled verbatim herein.

**ANSWER:   Defendant incorporates by reference its prior responses.**

111.    On information and belief Vice President for Finance and Administration Freiburger directed, organized and participated in the decision to alter longstanding GRCC policy and reject the SKO proposal for the Lakeshore project architectural design work despite the fact that SKO submitted a competitive, professional proposal which was approximately $40,000.00 lower than the next lowest proposal.

**ANSWER:   The allegations are denied as untrue.**

112.    While Frieburger's decision was ostensibly motivated by the fact that they don't like "outsiders like you" in Holland, the motivation was in fact obvious and apparent racial bias and

animus.  Given that was the only firm that submitted a proposal for the Lakeshore Project that was owned and operated by recognized minorities the GRCC decision to refuse to award SKO the Lakeshore Project was made based on race.

**ANSWER:  The allegations are denied as untrue.**

113.    As Frieburger's position as Vice President for Finance and Administration with the GRCC requires her to organize and direct the competitive proposal process for new work architectural design and related work on the GRCC campus, and also requires her to make final selection decisions, she was acting within the scope of her official duties on behalf of the GRCC.

**ANSWER:  The allegations constitute legal conclusions which require no answer.**

114.    In the alternative, even presuming the decision to exclude SKO's proposal was not based on racial animus, it has nevertheless had the effect of exclusion based on race.

**ANSWER:  The allegation is denied as untrue.**

115.    Freiburger was therefore acting under color of state law, and as the GRCC placed her in a decision-making position it is responsible for her conduct.

**ANSWER:  The allegation is denied as untrue.**

116.    The GRCC has therefore in turn engaged in discriminatory practices or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

**ANSWER:  The allegation is denied as untrue.**

118.    (Sic) The GRCC has violated SKO's constitutional rights and specifically deprived it of its right to be free from racial discrimination.

**ANSWER:  The allegation is denied as untrue.**

119.    The GRCC has therefore violated 42 U.S.C. § 1983.

**ANSWER:**    **The allegation is denied as untrue.**

120.    Occasioned on the GRCC violation of 42 U.S.C. § 1983, SKO has been injured and is entitled to damages as provided for under the 42 U.S.C. § 1983 statute.

**ANSWER:**    **The allegation is denied as untrue.**

WHEREFORE, Defendant, Grand Rapids Community College, respectfully requests judgment in its favor, dismissing Plaintiff's Complaint with prejudice and taxing all costs and actual attorney fees under 42 U.S.C. § 1988 against Plaintiff.

McGRAW MORRIS, P.C.
Attorneys for Defendant

Dated: December 30, 2024        BY:    _/s/_    _Craig R. Noland_
Craig R. Noland (P30717)

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, Grand Rapids Community College, by and through its attorneys, McGraw Morris PC, and for its Affirmative Defenses states:

1.  Plaintiff has failed to identify a contract breach by Defendant, and Plaintiff has failed to state a breach of contract claim. Count I should be dismissed.

2.  Count II of the Complaint (labeled "Quantum Meruit and Unjust Enrichment") fails to state a cause of action and should otherwise be dismissed as a matter of law given the existence of an enforceable contract.

3.  Count III of the Complaint (labeled "Fraud") fails to state a cause of action and should be dismissed as a matter of law given the existence of an enforceable contract.

4.  Count IV of the Complaint (labeled" Innocent Misrepresentation") should be dismissed for failure to state a cause of action and should be dismissed as a matter of law given the existence of an enforceable contract.

5.  Count V (labeled "Fraud-Lakeshore Project") fails to state a cause of action and is

otherwise subject to and barred by the Michigan three-year statute of limitations. MCL 600.5805(2).

6. Count VI (labeled "Violations of 42 U.S.C. § 1983 – Sneddin (sic) Hall Project") and Count VI (sic) (labeled "Violations of 42 U.S.C. § 1983 – Lakeshore Project") fail to state a municipal liability claim under *Monell v Department of Social Services* and its progeny, or otherwise.

7. Plaintiff's claims concerning the "Lakeshore Project" as set forth in Count VI are otherwise subject to and barred by the Michigan three-year statute of limitations. MCL 600.5805(2).

8. Plaintiff's non-contractual tort claims, including, without limitation, claims asserted in Counts II-V, are subject to and barred by governmental immunity. MCL 691.1407(1).

9. Plaintiff's equitable claims are barred by the Doctrine of Unclean Hands.

10. Plaintiff has failed to mitigate its alleged damages.

11. Defendant reserves the right to supplement and amend its Affirmative Defenses as warranted by pre-trial discovery or otherwise.

WHEREFORE, Defendant, Grand Rapids Community College, respectfully requests judgment in its favor, dismissing Plaintiff's Complaint with prejudice and taxing all costs and actual attorney fees under 42 U.S.C. § 1988 against Plaintiff.

McGRAW MORRIS, P.C.
Attorneys for Defendant

Dated:  December 30, 2024          BY:    */s/      Craig R. Noland*
Craig R. Noland (P30717)
44 Cesar E. Chavez Avenue SW, Suite 200
Grand Rapids, MI  49503
(616) 288-3700/Fax (248) 502-4001
cnoland@mcgrawmorris.com